# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| DAMEON THOMAS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-0038 |
| UNITED STATES OF AMERICA, | ) Judge Trauger |
| Respondent. | ) |

## ORDER

This court previously denied petitioner Dameon Thomas's *pro se* Motion to Set Aside, Vacate, and Correct an Illegal Sentence under 28 U.S.C. § 2255. Now before the court is Thomas's motion for reconsideration of that order. (ECF No. 36.)

In the present motion, Thomas argues emphatically that the court should grant his motion to reconsider because he has made concerted and repeated efforts to locate and retrieve the original DVD of his arrest. He has not been able to locate an unredacted copy of the DVD, which he insists contains exculpatory evidence. A redacted version of the DVD was presented at trial. As the court noted in the memorandum opinion addressing the merits of Thomas's § 2255 petition, Thomas claims that his defense attorneys and the government's attorneys conspired to edit the DVD used in the prosecution of the case by removing a portion that allegedly would have shown that his then-girlfriend, Tiffany Gardner, did not consent to a search of the vehicle, and that another omitted portion would have documented a conversation between Thomas and Officer Sanders during Thomas's transportation to the police station and would have shown that Thomas was effectively coerced into signing the gun questionnaire.

As the court previously explained in addressing the argument concerning the DVD raised in Thomas's § 2255 petition, even if Thomas could establish that the unredacted DVD would show that Gardner objected to the search of the vehicle or that Thomas was coerced into signing the gun questionnaire, he could not show that he was prejudiced by the withholding of this evidence. The other undisputed evidence of record shows that the police officer who first approached Thomas's vehicle had a reasonable basis for doing

so. The valid *Terry* stop yielded probable cause both to arrest Thomas and to search the vehicle, based on the fact that Thomas was smoking marijuana in his car at the time he was first stopped, and the police officer who approached his car smelled the marijuana from several feet away. The police officer therefore did not need Gardner's consent to search the vehicle; as a result, Thomas's claim that Gardner did not consent to the search is irrelevant. Likewise, Thomas had already admitted ownership of the gun that gave rise to the felon-in-possession charges before he signed the gun questionnaire, so any alleged veiled coercion with respect to his signing the questionnaire is immaterial.

While a motion to reconsider is not mentioned in the Federal Rules of Criminal or Civil Procedure, such motions are typically reviewed under the standards applicable to motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or motions for relief from judgment under Rule 60. In either case, such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502--03 (6th Cir. 2000) (citing *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994)).

Because Thomas's arguments have been previously addressed, his motion does not meet the burden of showing "exceptional circumstances" that would justify granting a motion to reconsider.

Accordingly, the motion for reconsideration (ECF No. 36) is **DENIED**.

It is so **ORDERED**.

                                                                                      _____
                                                                                      Aleta A. Trauger
                                                                                      United States District Judge